IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ADAM WEINBERG,

    Plaintiff,

vs.                                                  No. 17-2474-JPM-dkv

COUNTY OF SHELBY;
SHELBY COUNTY SHERIFF'S OFFICE;
SGT. ARTHUR STEWARD;
DET. CRAIG;
John Doe #1;
John Doe #2;
John Doe #3; and
John Doe #4,

    Defendants.

---

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO STAY
AND ADMINISTRATIVELY CLOSE CASE

---

Before the court is the August 25, 2017 motion of the defendants, County of Shelby ("Shelby County"), Shelby County Sheriff's Office ("SCSO"), Sergeant Arthur Steward ("Sgt. Steward"), and Detective Craig, (collectively "the Defendants") to stay proceedings and administratively close the case pending resolution of criminal charges against the *pro se* plaintiff, Adam Weinberg ("Weinberg"). (ECF No. 14.)[1] Weinberg did not file a response in opposition.

---

[1] Although they did not join the initial motion to stay, Sgt. Steward and Detective Craig filed a notice joining the motion to stay on October 3, 2017. (ECF No. 18.)

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that the Defendants' motion to stay be granted and the case be administratively closed.

I. PROPOSED FINDINGS OF FACT

On July 7, 2017, Weinberg filed a complaint against Shelby County, SCSO, Sgt. Steward, Detective Craig, and four John Doe defendants. (ECF No. 1.) The complaint was accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which this court granted on July 19, 2017, (ECF No. 7). On the same day, this court issued an order to effect service of process on the named defendants.[2] (ECF No. 8.)

In his complaint styled "Complaint for Property Damages, Personal Injuries, and Violation of Civil Rights," Weinberg sets forth claims for excessive force and physical brutality, negligence, assault and battery, false arrest, defamation, malicious prosecution, abuse of process, failure to intervene, harassment, and violation of his civil rights. (Compl. ¶¶ 86-

---

[2]The filing of a complaint against Jane Doe or John Doe defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

2

165, ECF No. 1.) Weinberg brings these claims pursuant to U.S.C. §§ 1983 & 1988. (*Id.* at 1.)

The complaint arises out of an incident that occurred on the evening of July 7, 2016, at 1726 Camille Way, Cordova, Tennessee 38016, which ultimately resulted in Weinberg's currently pending criminal charges of possession of marijuana with intent to sell and intent to deliver. (*Id.* ¶ 7.) Weinberg alleges that he was home alone when Sgt. Steward, Detective Craig, and four other officers entered his house without knocking using a "pry bar" and carrying a "shotgun and tactical shield." (*Id.* ¶¶ 8, 15-17.) Although Weinberg immediately put his hands up and did not resist, the officers hit him repeatedly, causing his lip to bleed. (*Id.* ¶¶ 18-31.) Weinberg asked for medical attention several times and to be un-handcuffed to stop his lip from bleeding. (*Id.* ¶¶ 45-46.) After approximately thirty minutes, the officers contacted the fire department. (*Id.* ¶ 47.) Weinberg was taken to the hospital for medical treatment and then to the state criminal courthouse for processing. (*Id.* ¶¶ 49-51.)

Weinberg alleges that the Defendants damaged property in his home, (*id.* ¶ 55-62), underreported the amount of money they seized from him, (*id.* ¶ 55), used unnecessary force against him, (*id.* ¶ 70), acquired the search warrant based on fabricated

3

evidence, (*id.* ¶ 63),[3] and made false statements in the affidavit of complaint and in the preliminary hearing, (*id.* ¶ 64-66). Weinberg claims that the Defendants brought charges against him merely to justify their behavior during the search and to harass him. (*Id.* ¶ 70.) Weinberg further maintains that SCSO and Shelby County have failed to train sheriffs, have policies encouraging willful disregard of the law, and have failed to discipline officers for misconduct. (*Id.* ¶ 72-81.)

According to state court records, on July 8, 2016, Weinberg was charged with possession of marijuana with intent to sell pursuant to Tennessee Code Annotated § 37-17-417, resisting arrest pursuant to Tennessee Code Annotated § 37-16-602, and possession of drug paraphernalia pursuant to Tennessee Code Annotated § 37-17-425. *Tennessee v. Weinberg*, No. H1600129 (filed July 7, 2016). On May 9, 2017, the grand jury returned a true bill against Weinberg for possession of marijuana with intent to sell and intent to deliver. (Indictment 1, ECF No. 12-1.) His other two claims of resisting arrest and possession of drug paraphernalia were dismissed. *Tennessee v. Weinberg*, No. H1600129 (filed July 7, 2016).

II. PROPOSED CONCLUSIONS OF LAW

---

[3]Weinberg describes and attaches to his complaint a screen shot of a text message from a confidential informant that was used as a basis for the warrant to search Weinberg's home. (Compl. ¶ 63, ECF No. 1; ECF No. 1-2.)

4

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014)(quoting *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)("We have thus held that federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding."). Although nothing in the Constitution requires a court to stay a civil action due to an impending or pending criminal case, courts have wide discretion in determining whether to stay a matter incident to the power to control their own dockets. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Fed. Trade Comm'n*, 767 F.3d at 627 (citing *S.E.C. v. Novaferon Labs, Inc.*, No. 91-3102, 1991 WL 158757, at *2 (6th Cir. Aug. 14, 1991)). Other courts have noted in comparable proceedings that "[t]he resolution of the criminal proceedings may serve to expedite the civil proceedings, avoiding the needless expense of judicial time and resources." *Auramet Int'l, LLC v. Metals*, No. 16-cv-11177, 2016 WL 4087234, at *4 (E.D. Mich. Aug. 2, 2016)(citations omitted). The party requesting a stay must show

a need for delay and that neither the opposing party nor the public will suffer hardship from granting the stay. *Fed. Trade Comm'n*, 767 F.3d at 627 (quoting *Ohio Envtl. Council*, 565 F.2d at 396).

When determining whether to stay a case, courts consider the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
>
> (2) the status of the case, including whether the defendants have been indicted;
>
> (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
>
> (4) the private interests of and burden on the defendants;
>
> (5) the interests of the courts; and
>
> (6) the public interest.

*Id.* (citations omitted). In analyzing these factors, courts look most closely to the rights of the criminal defendant. *See id.* (citation omitted)("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct . . . . [T]he likelihood that a defendant may make incriminating statements is greatest after an indictment has issued . . . ."); *Fed. Express Corp. v. Caruso*, No. 2:14-cv-02337-JPM-dkv, 2015 WL 12867319, at *1 (W.D. Tenn. May 18, 2015)(citing *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007))("Courts are afforded th[e] discretion [to

grant a stay] because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.").

A criminal defendant's Fifth Amendment privilege against self-incrimination remains in effect until he has been convicted and sentenced. *Mitchell v. United States*, 526 U.S. 314, 326 (1999).

> Where there is a special danger that the government can effectively undermine rights that would exist in a criminal investigation by conducting a de facto criminal investigation using nominally civil means, a stay of the civil proceeding is particularly warranted because the risk to individuals' constitutional rights is arguably magnified.

*Fed. Express Corp.*, 2015 WL 12867319, at *1 (citations & internal quotations omitted).

Here, most, if not all, of the factors weigh in favor of granting the motion to stay. First, there is significant overlap between the state criminal case and this civil case. Weinberg was indicted by the grand jury on May 9, 2017, in Shelby County Criminal Court on charges of possession of marijuana with the intent to sell and possession with intent to deliver. (Indictment 1, ECF No. 12-1.) These charges resulted from the search of his home on July 7, 2016. (*See id.*; Compl.,

7

ECF No. 1.) Every claim Weinberg sets forth in his complaint arises from the police entering his home on July 7, 2016, to search for "marijuana, drug paraphernalia, drug ledger, [and] drug proceeds." (*See* Search Warrant, ECF No. 1-1; Compl. ¶¶ 7-85, ECF No. 1.)

Second, Weinberg has been indicted in state court, and the state court criminal proceedings are ongoing. Thus, there is a risk Weinberg may incriminate himself were the Defendants allowed to go forth with civil discovery. Also regarding the status of the case, Weinberg has already filed his civil complaint against the Defendants. Staying this action will have no prejudicial effect with regard to the statute of limitations, as an action is commenced for statute of limitations purposes when the complaint is filed. *See, e.g.*, *Macon v. ITT Cont'l Banking, Co.*, 779 F.2d 1166, 1172 (6th Cir. 1985).

Third, when weighing the interests of the parties, the balance weighs in favor of granting the stay. Weinberg's interest in proceeding expeditiously is mitigated by his failure to respond to the Defendants' motion to stay. Weinberg has not asserted that he will suffer any prejudice by a stay of this action. Furthermore, Weinberg is protected by his constitutional right to a speedy trial in his criminal prosecution. Moreover, as discussed below, resolution first of

8

the criminal charges against Weinberg would benefit him by preserving his Fifth Amendment right against self-incrimination.

Fourth, the Defendants have a private interest in carrying out an effective defense against Weinberg without compromising the criminal investigation against him. *See, e.g.*, *Eastwood v. United States*, No. 2:06-cv-164, 2008 WL 5412857 (E.D. Tenn. Nov. 14, 2008). The Defendants also assert that proceeding with the civil case would place a difficult burden on them with regard to discovery because documents relating to the arrest are protected by Tennessee Rule of Criminal Procedure 16.[4] (Mot. Stay 3-4, ECF No. 12.)

Fifth, regarding public interest, the Defendants assert that, "Absent a stay, complications resulting from civil discovery in this case could well impede the State of Tennessee's law enforcement and prosecutorial functions." (*Id.* at 5.) This court finds that the public interest is best served by allowing the state criminal proceedings to conclude before the parties begin discovery in this matter. Granting a stay would also promote judicial economy by eliminating potential discovery issues regarding the above-mentioned conflict between

---

[4]Tennessee Rule of Criminal Procedure 16 requires the state to disclose, upon the defendant's request, statements made by the defendant, the defendant's prior record, and items material to the defense. Rule 16 also requires the defendant to make various disclosures if the defendant requested such disclosures from the state. *Id.* Lastly, Rule 16 imposes a continuing duty to disclose upon the parties. *Id.*

9

civil discovery and Tennessee Rule of Criminal Procedure 16, as well as other discovery motions that would likely arise if Weinberg were to invoke his Fifth Amendment right against self-incrimination in this civil case.

Lastly, Weinberg's Fifth Amendment rights are directly implicated in both the criminal and civil cases. Any assertion by Weinberg of his Fifth Amendment rights would notably complicate this civil case and would likely prejudice Weinberg's defense in the criminal proceeding.

Accordingly, upon analysis of the factors discussed herein, this court finds that the ongoing criminal proceedings, the overlap in issues between the two proceedings, and the tension between civil discovery and Weinberg's constitutional rights as a criminal defendant demonstrate that a stay of the civil proceedings is appropriate.

## III. RECOMMENDATION

For the foregoing reasons, this court recommends that the Defendants' motion to stay proceedings until resolution of the criminal charges against Weinberg pending in state court be granted and that no action be taken in this case and no discovery occur until the resolution of the criminal case. In

addition, it is recommended that this case be administratively closed during the pendency of the stay for statistical purposes.[5]

Respectfully submitted this 6th day of October, 2017.

s/ Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[5] It is recommended that the Court Clerk administratively close this case without prejudice to the right of any party in interest to later move to reopen the case upon resolution of the criminal charges against Weinberg. It is expressly emphasized that an administratively closed case can be reopened by an order of the court without a reopening filing fee.